## PAINTER v. WEATHERFORD.

The coverture of the defendant may be given in evidence under the general issue.

Where the defendant had been living apart from her husband, but both within the state, for about two years, when she gave a note as *feme sole* to the plaintiff who knew the fact of her marriage, it was error in the court to instruct the jury that the proof of coverture was no defence to the action on the note.

Painter *v.* Wheatherford,

Error, *to Mahaska District Court.*

*C. Olney* and *T. H. Gray* for the plaintiff in error. Was coverture in this case an available defense? A total renunciation of the marital rights by the married couple does not remove the civil disability of the wife to contract, sue, and be sued as a *feme sole.* If the husband is within the state and subject to its jurisdiction—if he has not absented himself permanently from the state,—no renunciation of the marriage relation by the parties, carried into practical effect for any length of time, can divest them of the character, duties, and liabilities with which the law invests them. They cannot thus divorce themselves. Permitting a *feme covert* to contract in case of the permanent absence of her husband from the state, is for her benefit, that she may not suffer for want of credit, and not for the benefit of a husband who thus disregards his social duties. So long as he is within reach of process, she can only contract for *necessaries,* and for those he, not she, is liable. *Gregory* v. *Pierce,* 4 Metcalf R., 478; *Gregory* v. *Paul,* 15 Mass., 31; *Abbott* v. *Bailey,* 6 Pick. 89.

The record does not show the husband's absence, and the coverture being shown, the burden is on him who would make her liable, to make out such a case as will create that liability. If coverture had been pleaded, absence must have been replied specially.

But, if coverture is not admissible in evidence under the plea of *non-assumpsit,* the defendant below was not prejudiced by the instructions against her on this point. The record shows that this evidence was objected to by the plaintiff below, and admitted by the court; and that he excepted. The coverture existed at the time of the contract, and goes to the validity of the contract itself, and not to the form of suit, or the parties, as matter of abatement. 1 Chit. Pl., 449–477.

By the new English rules, coverture, and all other defenses which admit the making of the contract in fact, must be specially pleaded; and we suppose objection was raised in this

Painter *v.* Wheatherford.

case on the strength of English authorities dating since the adoption of those rules.

*J. C. Knapp,* for the defendant. As to the charge of the court contained in the last bill of exceptions: there was no error in the charge, because the evidence showed that the defendant was in one of the situations which the law recognizes as an exception to the general rule, that a *feme covert* cannot sue or be sued in her own name—to wit, she was and had been for two years acting for herself, being separated, without hope or expectation of a re-union, from her husband.

So soon as a *feme covert* acquires a will and an interest distinct from, and independent of, her husband, the disability of coverture ceases. See Bacon's Abgt., 737.

" The law seems to be settled, that when the wife is left by the husband, has traded as a *feme sole,* and has obtained credit as such, she ought to be liable for her debts; and the law is the same where the husband is banished for his crimes, or has voluntarily abandoned his wife." See Chitty on Contracts, 178, late edition, American note, (2,) referring to the case of *Rhea* v. *Rhenner.* 1 Peters, 105.

There is nothing clearer than, that error under the old rules before the recent rules, that all matters in discharge which showed that the plaintiff once had a cause of action, must have been pleaded specially. 1 Chitty Pl., 512, 513.

Again. It is a well settled rule, and ever has been, " That a matter of defence which admits the facts stated in the declaration, but avoids them, should be pleaded specially." 1 Chitty Pl., 514.

This attempt to show, as appears by the last bill of exceptions, the failure of the consideration—if it amounted to any defence at all, and was relevant—was matter that arose since the making of the note sued on, and was in evidence.

Even before the recent rules, it was usual to plead coverture specially. Though by an extraordinary relaxation it was suffered to be given in evidence under the general issue. 1 Chitty Pl., 516.

Shall our courts then, even if they do not allow that the recent rules are a part of the common law in relation to pleading, adopt the course which is admitted to have been an exception to the correct rule, even before the recent rules ; instead of the usual and correct practice ? We should think not.

*Opinion by* KINNEY, J. This was an action of assumpsit, instituted by the defendant against the plaintiff in error, in the district court of Mahaska county, upon a promissory note for $130, of which the following is a copy :

" On or before the fifteenth day of October next, I promise to pay William Weatherford, or bearer, the sum of one hundred and thirty dollars, for value received. Oskaloosa, August 20, A. D. 1845.

MARY PAINTER."

Attest—J. W. CUNNINGHAM.

The declaration contained five counts. 1. A special count setting out the note. 2. For the price of goods bargained and sold. 3. For goods sold and delivered. 4. For work and materials. 5. For the *insimul computassent* count.

To this the defendant pleaded, first, the general issue ; and secondly, for farther plea to the first count, that at the time the said note was given, the said Weatherford, and one Parish Ellis, made to said Mary Painter their certain promise, in writing, in these words :

" Know all men by these presents, that we, William Weatherford and Parish Ellis, of the county of Mahaska and territory of Iowa, for and in consideration of the sum of four hundred dollars in hand, paid by Mary Painter, of the county and territory aforesaid, do bind ourselves, our heirs and executors and administrators, in the penal sum of eight hundred dollars, to make or cause to be made, on or before the first day of July next, to Mary Painter, or her heirs, a general warranty deed, to south half of lot No. 2, in block No. 20, in the town of Oskaloosa, in said county of Mahaska, and territory aforesaid, or as soon thereafter as a deed can be obtained from the county

commissioners of said county.   Sealed this 20th day of August, 1845."

"The condition of the above obligation is such, that the said Mary Painter has this day made her promissory notes to the said William Weatherford, to wit :   One calling for the sum of one hundred and thirty dollars, due on the 15th day of October next, and one for one hundred and twenty dollars, due on the first day of March next, and one note for one hundred and fifty dollars, due the first day of July next.   Now, if the said Mary Painter shall complete the above payments, then this obligation to be in full force, and virtue in law, otherwise to be void.

WILLIAM WEATHERFORD,<br>PARISH ELLIS."

Whereby the said Weatherford and Ellis undertook to convey, &c., setting out an ability to convey, and a non-performance, and concluding with a verification.

To the second plea there was a demurrer, which was sustained.

The cause was submitted to a jury at the September term, 1846, and a verdict and judgment rendered for the plaintiff for the amount of the note, interest, and costs.

From the first bill of exceptions taken in this case, it appears that, on the trial, the plaintiff below gave in evidence the promissory note set out in the first count, and rested.   The defendant below then proved, that the note was given as part of the purchase money for the lot above mentioned, and offered the obligation of Weatherford and Ellis, set out in her plea, in evidence, and also offered to prove that the note sued on was one of the notes mentioned in said obligation to convey, &c. And to prove that said contract was annulled before suit brought, and that neither party had ever offered to carry the same into effect, &c. ; which evidence was overruled and rejected.

The second and third bill of exceptions show, that on the trial the defendant below also offered to prove the coverture of

the said defendant, to which the plaintiff below objected, and the court overruled the objections, and allowed the evidence of coverture to go to the jury.

The defendant proved that at the time of the making of said note she was the wife of one Jacob Painter, and that the plaintiff, Weatherford, knew that fact before and at the time. And thereupon the plaintiff proved that the defendant and her said husband, before the execution of the note, had separated with the intention never to live together again; and that they had been living apart about two years at the time the note was given, and had so continued, with no prospect of a reunion; and that the said Mary had, during the period of the separation, acted and contracted, openly and notoriously, for herself, as a *feme sole*. And thereupon the court charged the jury, that if they should find such to be the fact, they should find for the plaintiff, as the defendant would be liable, notwithstanding her coverture.

The defendant below brings the cause here by a writ of error from this court, and assigns for error :

1. The court erred in overruling the special plea.

2. In overruling the evidence offered by defendant below as set out in the first bill of exceptions.

3. In instructing the jury, as stated in the third bill of exceptions.

Much labor has been bestowed upon this case by the respective counsel, as is evident from the arguments and briefs of authorities submitted, exhibiting a degree of professional industry highly commendable.

Three questions are presented by the plaintiff in error for the adjudication of this court; but as the court have not access to all of the authorities referred to, bearing upon the first and second errors assigned, and as a decision upon them is not necessary for a reversal or affirmance of the judgment, we will examine the point raised in the bill of exceptions taken by the plaintiff below, as also the third assignment of errors.

It appears from the facts set forth in the bill of exceptions, that the defendant below pleaded the general issue, and under

this plea offered to prove the coverture of defendant, to which the plaintiff objected, which objection was overruled by the court.    Was this evidence properly admitted under the general issue?    Upon a careful examination of all the authorities referred to upon this subject, we are inclined to the opinion that coverture, anterior to making the contract, may be given in evidence under the general issue.    In Chitty, Pl., 207, we find this principle of law—" Under the general issue, the defendant may give in evidence, that at the time contract was entered into, defendant was an infant, lunatic, drunk, or *feme covert ;* but coverture which has taken place since the making of the contract, must be pleaded in abatement.    Also, see references in support of this authority.    In the same volume, p. 388, the author says that coverture, at the time the contract was entered into, may be pleaded or given in evidence under the general issue, or *non est factum.*   See also Term R., p. 545 ; also 1 Saunders' Pl. and Ev., p. 5 ; and Chitt. Pl., pp. 449 and 477.    According to these authorities, emanating as they do from sources entitled to the highest respect and confidence, the court did not err in admitting this evidence under the plea of the general issue. - The next question, as presented by the bill of exceptions, and the one forming the basis of our decision, is, did the court err in instructing the jury that coverture, under the facts as we find them in the bill of exceptions, was no defence to the action?    It appears from the bill of exceptions, that the defendant proved that, at the time of making the promissory note declared on and given in evidence, she was the wife of one Jacob Painter, and that the plaintiff knew that fact before and at the time of making the contract.    Whereupon the plaintiff proved that the defendant and her said husband, before the making of said note, had separated, with the intention never to live together again, and that they had been living apart about two years at the time the note was given, and had so continued ever since, without any prospect of a reunion; and that the defendant, ever since her separation, had acted, and continued openly and notoriously as a *feme sole,* without any dependence upon or in-

terference from her said husband. And upon this state of facts the court charged the jury that they should find for the plaintiff, as the defendant would be liable notwithstanding her coverture.

It appearing, from the evidence advanced upon the trial, that the defendant was a *feme covert*, it is very clear that she could not be sued as a *feme sole* unless the peculiar circumstances under which she was situated removed the disability of coverture.

" The husband and wife are considered as one, her will is merged in his, and the power which she might have had as a *feme sole* to make contracts is suspended."

In exchange for the civic rights which she enjoyed as *feme sole*, she obtains the care, protection, and support of her husband, and an interest in his estate ; but in acquiring these new privileges and blessings she brings herself within the disabilities of coverture, and the right of making contracts, of suing and being sued, must be yielded up to her husband : neither will a mutual agreement of separation release her from the legal restraint which the law has imposed upon her ; nor can she in this way become restored to the rights which attach to a *feme sole*.

Lord Mansfield held, that in the case where the husband and wife had separated by agreement, she was liable. But in the case of *Marshall* v. *Rutton*, this class of cases was overruled ; and Lord Kenyon, who delivered the opinion of the judges, observed, that there is no authority in the books that a woman may be sued as a *feme sole* while the relation of the marriage subsists, and she and her husband are living in the kingdom. This case was twice argued before all the judges excepting two, and all agreed in the opinion of Lord Kenyon. See notice in 15 Mass., 33, cases of banishment and abjuration ; and where the husband has been attainted of felony and transported, it has been decided to be civil death of the husband ; but we think the courts have never gone so far as to decide that an absence of two years under the same jurisdiction removed the liabilities of coverture. In the case of

*Gregory* v. *Paul*, 15 Mass., 33, the doctrine is clearly laid down, that although the husband may have gone beyond sea without making any provision for his wife, she could not sue as a *feme sole.*

In the case of *Abbott* v. *Bailey*, 6 Pick., 90, the law is well settled, that while the parties remain within the commonwealth, although the wife may have been driven from the home of her husband, and the husband married a second time, yet, without a divorce, the coverture would continue, and she could neither sue nor be sued as a *feme sole.* See Story on Cont., p. 43 ; *Gregory* v. *Pierce*, 4 Met., 478.

But it is contended, by council for defendant in error in this case, that the plaintiff in error was exempt from the disability of coverture because of a permanent separation without any prospect of reunion. We think it clear, that parties cannot thus renounce their marriage rights, and that the marriage contract cannot in this way be made nugatory. A doctrine so dangerous and subversive in its consequences as this, is no where to be found in the books.

The separation in the case before us was only of two years' duration at the time the note was given, and both parties within the jurisdiction of the state ; and although there was not any prospect of a reunion, yet we are of the opinion that the court erred in instructing the jury that the plaintiff in error was liable upon the note as *feme sole.*

This error being sufficient to reverse the judgment, the other points made in the assignment of errors are not decided.

Judgment reversed.